## Hughes's Estate.

*Will—Executors and administrators—Annuity.*

1. Where a testator directs his executors to provide out of his estate support for a half-witted stepson, to provide him a home during his life, and at his death a decent burial, and it appears that there is nothing in the will making the executors the arbiters of all matters pertaining to the welfare of the stepson, the orphans' court may direct that the beneficiary shall be permitted to live with his own brother "so long as he receives the same treatment he did while the testator was living, and no greater expenses incurred than the amount allowed by the court."

2. In such a case a decree directing the executors to disburse for the support of the beneficiary $20.00 per month, together with such additional sums as may be necessary to provide him with clothing and medical attendance, is proper, where the estate is ample to take care of all the beneficiaries, including the weak-minded stepson.

Argued April 11, 1911. Appeal, No. 332, Jan. T., 1910,

by George H. Hughes and Caroline H. Sponsler, Executors, and Elma and Bessie Bishop, from decree of O. C. Luzerne Co., No. 288, of 1896, awarding allowance in Estate of James Hughes, deceased. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Petition for allowance.

FREAS, P. J., filed the following opinion:

The petitioner, William Houghton, asks that the executors of the estate of James Hughes, deceased, be compelled to carry out the provisions made in his behalf in testator's will, which in part read as follows:

"I desire, however, that my executors shall provide out of my estate support for William Houghton. He shall be provided with a home during his life, and at his death that he shall be decently buried."

James Hughes died August 15, 1896, leaving to survive him two children, Caroline A. Hughes (now Sponsler), and George H. Hughes, whom he named as executors of his estate, and two grandchildren, Bessie and Elma Bishop, children of a deceased daughter. There also survived him Cyrus Houghton, William Houghton, Mrs. Jane Houghton Smith and Mrs. Sarah Houghton Eastwood, children of his wife by a former husband.

The petitioner is now seventy-two years of age. He has always been as he is now, half-witted and unable to shift for himself. He is capable of doing chores around the house, possesses very little will power, and when the opportunity offers, he gets drunk. He is incapable of handling any money. After his mother's marriage to testator, he made his home with them and was treated as a member of the family. After testator's death he continued to reside at the homestead with Miss Caroline Hughes for about four years and was treated as he had been while the testator was living. Petitioner lived for about a year with his half-brother, George H. Hughes, at Mount Pocono and since then he has lived with his brother, Cyrus Hough-

ton, at Harvey's Lake, except for short intervals when visiting Mrs. Sponsler or George Hughes. While living at the homes of these executors, all the witnesses unite in saying that he was well treated; he ate at the same table with the family and while at Mrs. Sponsler's house he occupied her best room. The cost of clothing purchased for him was small but ample for his needs, and the executors made arrangements to supply him with what might be necessary. It is clear that these executors provided for petitioner, while he was with them, support of as good quality as the testator did while living.

Some nine years ago the petitioner left the homes of these executors and went to live with his brother, Cyrus Houghton, where the treatment accorded him was not as good or as considerate as that he had received. No compensation has been asked by Cyrus during this time until the present petition was presented, when the claim is made for from $40.00 to $50.00 per month for past and future support.

The executors have stood ready at all times to support the petitioner in their own homes, but he had expressed a preference to reside with his brother Cyrus. His mental condition is such that he is incapable of intelligently deciding for himself and he is susceptible to the influence of those surrounding him.

The testator designated no definite fund from which the money for petitioner's support was to be obtained, in fact, he disposes in his will of all his estate to his children and grandchildren (who are given life estates with remainders to their respective children) and then adds the clause of the will above quoted.

It is held in Steele's Appeal, 47 Pa. 437, that a comfortable maintenance, measured by the station, habits and tastes of the testator and the beneficiary, was intended; no more and no less; without extravagance either as to place or material, and that the beneficiary was entitled to reside wherever he might reasonably select. Applying this case to our own, we hold that it is the duty of these executors to

provide the petitioner with a home of like quality as was furnished him by the testator when living, including clothing suitable to his station, and medical care when necessary, and at his death a decent burial. This trust testator imposed upon his executors and until the trust is abused, no one has the right to relieve them of it, whatever the motive.

The executors should permit petitioner to reside where he chooses, so long as he receives the same treatment he did while the testator was living and no greater expense is incurred than the amount allowed by the court. We are of the opinion from the testimony, that an allowance of $20.00 per month for his board is sufficient to carry out the intention of the testator, together with such sums as have been heretofore or may hereafter be reasonably necessary for clothing and medical care. This allowance for support ordinarily would be made to the petitioner, but he is incapable of caring for it. He has no committee and none is necessary under the circumstances.

The executors will, therefore, pay to the persons entitled thereto such sums as are due and owing by the petitioner for his support, clothing and medical care, in accordance with this opinion.

And now, October 19, 1910, after due consideration, the court order, adjudge and decree as follows:

1. That there is now due William Houghton, by virtue of the bequest to him contained in the last will and testament of James Hughes, deceased, for his support, the sum of $20.00 per month from the date of testator's death to the time of filing his petition, to wit, from August 15, 1896, to July 14, 1910; and from July 14, 1910, and for his future support he is entitled to the sum of $20.00 monthly, together with all expense heretofore or hereafter to be reasonably incurred for his necessary clothing and medical attendance.

2. That by reason of the mental infirmity of the said William Houghton, said sums shall be disbursed by the executors of said testator.

*Error assigned* was the decree of the court.

*D. O. Coughlin*, with him *Clarence D. Coughlin*, for appellants.

*John T. Lenahan*, with him *Edward A. Lynch*, for appellee.

OPINION BY MR. JUSTICE ELKIN, April 24, 1911:

The facts are stated in the opinion of the learned judge of the orphans' court and need not be recited here. The only question for this court to consider is whether that court exceeded its authority in entering a decree requiring the executors to pay for the maintenance and support of William Houghton the sum of $20.00 per month, together with such additional sums as may be necessary to provide him with clothing and medical attendance. It is expressly provided in the will of James Hughes, deceased, that: "I desire, however, that my executors shall provide out of my estate support for William Houghton. He shall be provided with a home during his life, and at his death that he shall be decently buried." The testator left an estate ample to take care of all the beneficiaries named in his will, including the weak-minded petitioner in this case. There is, therefore, no question as to the amount of the monthly allowance being larger than the income from the trust estate would justify. The amount of the monthly allowance is reasonable and we think fully warranted by the terms of the will. It is not entirely clear what position the appellants take, but as we understand the argument of their learned counsel it is contended that the testator committed the care and control of William Houghton to his executors who are to be the arbiters of all matters pertaining to his welfare. We find no such power conferred by the will and think that the jurisdiction and power of the orphans' court to hear and determine such matters cannot be seriously questioned. The testator imposed upon his executors the duty of pro-

viding out of his estate support for this weak-minded person. "He shall be provided with a home during his life" is the language of the will. The will does not say that this home shall be with the executors, or with any particular member of the family, but it must be provided somewhere. William has expressed a desire to make his home with his brother Cyrus where he has resided for several years, and we can see no reason for saying that the orphans' court committed error in directing that: "The executors should permit petitioner to reside where he chooses, so long as he receives the same treatment he did while the testator was living and no greater expense is incurred than the amount allowed by the court." All of which was within the reasonable discretion of the court and under the circumstances there was no abuse in its exercise. The court directed the disbursement of the allowance and other expenses to remain in the hands of the executors so that there can be no just complaint on this account. If William becomes dissatisfied with the homes thus provided for him, or if he is not properly treated, these matters can be brought to the attention of the court at any time for correction or for further consideration. What we now decide is that all the matters complained of on this appeal were properly before the orphans' court for determination and that court acting within its discretionary powers entered a proper decree. There is no sufficient reason why it should be disturbed here.

Decree affirmed at the cost of appellants.